STATE OF NEW JERSEY, PLAINTIFF, v. KENNETH GROCHULSKI, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided April 11, 1975.

*Mr. Edward Farynyk* for plaintiff (*James T. O'Holleran,* Hudson County Prosecutor, attorney, Office of the Hudson County Prosecutor).

*Mr. Kenneth Claudal* for defendant (*Messrs. Claudal & Kealy,* Esqs., attorneys).

Verga, J. S. C. On April 11, 1975 defendant filed a motion to suspend proceedings, pursuant to *N. J. S. A.* 24:21–27(a)(2). Defendant was arrested on May 11, 1974 and subsequently indicted for (1) possession of a controlled dangerous substance, to wit, LSD, phencyclidine (PCP) and marijuana, a violation of *N. J. S. A.* 24:21–20(a); (2) possession with intent to distribute said CDS, a violation of *N. J. S. A.* 24:21–19(a)(1), and (3) maintaining premises for illegal use of narcotics, in violation of *N. J. S. A.* 24:21–21(a)(6). Under a plea bargain arrangement, de-

fendant pleaded on March 3, 1975 to the first count charging possession, with counts two and three to be dismissed on sentence date. The issue presented is whether defendant qualifies for suspension of proceedings.

The statute provides that the suspended proceedings are available to any first offender who is charged with, pleads to, or is convicted of use or possession of a controlled dangerous substance, so long as, in the court's discretion:

(1) defendant's presence in the community will not pose a danger to the community, or (2) the conditions of the supervisory treatment will be adequate to protect the public and will benefit defendant. *N. J. S. A.* 24:21-27 (c) (1) and (c) (2).

Although, technically, defendant initially qualifies for the program under *N. J. S. A.* 24:21-27(a) because he has no other drug-related offenses since January 19, 1971, the novel issue here is what other factors the court, in its discretion, should take into account under subsection (c) (1) in determining whether defendant is a danger to the community — specifically, whether nondrug-related offenses should be considered, and whether open drug charges should be considered.

Since 1963 defendant has been charged with more than 30 statutory violations. Among his early convictions from 1963 to 1971 are: 1963, stealing of hubcaps; 1963, breaking and entering; 1963, larceny; 1965, welfare fraud and 1969, larceny of auto. More recently, and since the passage of the Suspended Proceedings provisions on July 27, 1972, defendant pleaded guilty to eight counts of a ten-count indictment, all ten counts being indictable motor vehicle related violations. In addition, separate breaking and entering, and receiving stolen property charges were dismissed as part of this same plea bargain. On all charges defendant was sentenced to serve two to three-years in the New Jersey State Prison, all sentences to run concurrent with each other. He was paroled on May 29, 1973. His final involvements

with the law to date include two disorderly persons convictions for larceny and trespass on February 15, 1974, and two disorderly persons convictions for larceny under $200 and trespass on May 3, 1974. On August 8, 1974 defendant was arrested for possession of marijuana with intent to distribute. That charge is still awaiting grand jury action.

Although it is true that drug-related convictions occurring prior to the enactment of the act are not to enter into judicial consideration in determining the disposition of the motion (*State v. DiLuzio*, 130 *N. J. Super.* 222, 228 (Law Div. 1974)), the court feels it is necessary to recite some of the defendant's convictions prior to the effective date of the sentence to show his patent disregard for lawful authority.

Parenthetically, it should be noted that in interpreting the legislative intent in the passage of the statute, it is evident that its main purpose is to provide a method whereby a youthful offender may avoid a lifetime criminal record for possession of a controlled dangerous substance. *DiLuzio, supra*, at 222. In the instant case defendant is 30 years old and this legislative goal would not be furthered in the least if this motion were granted.

Judicial discretion is a crucial factor in considering the motion. As stated in *DiLuzio*:

> It should be noted that applications for suspension are not to be automatically, mechanically or arbitrarily granted. The Legislature has provided through subsection (c) for the application of judicial discretion which can call into play additional pertinent information concerning the applicant, considerations upon which a grant or denial of the motion can be predicated, even if the subsection (a) requirements have been satisfied. [at 230–231]

Thus, although defendant has no drug-related convictions since the effective date of the statute, January 19, 1971, and qualifies under subsection (a), under subsection (c)(1), based on defendant's large number of involvements with the

law and his present pending drug offense, it is this court's opinion that the defendant is a danger to the community and the motion is hereby denied.